## Eaton Corporation v. J & B Produce Consolidators, Inc.

*Martin J. Kilstein*, for plaintiff.
*Leonard M. Amodei*, for defendants.

BULLOCK, *J.*, January 8, 1980—Before us is a petition to open and/or strike a judgment taken by default. The complaint in assumpsit herein was filed on September 21, 1979. Service of the complaint was allegedly made by a deputy sheriff on September 26, 1979, at 3540 S. Lawrence Street, Philadelphia, Pa., by handing one copy of the complaint to an "adult male clerk in charge of office, refused name." Although this address is listed in the caption of the complaint, presumably for all defendants, the body of the complaint does not aver the address of any defendant. On October 17, 1979, 22 days after the alleged service of the complaint, a default judgment was taken for lack of an answer. On the same date, writs of execution were issued and on the following date, bank accounts of certain defendants were attached.

Defendants herein contend that they never received copies of the complaint and that no copy of the complaint was ever received by any clerk employed by any of them. Although a clear issue of fact is created by the averments as to service, we do not believe it necessary to resolve this issue, since we believe the judgment herein should be opened in any event.

The complaint herein, although it attaches a copy of an invoice, does not specify what merchandise and services were sold and at what price. Moreover, the invoice indicates only that such merchandise and services were sold to "J & B Produce." The complaint, with respect to other defendants, alleges only that the merchandise and services were purchased "on behalf of and at the specific instance and request of the defendants, Silverman Trucking Co., Inc. and A & E Trucking Co., a corp. and Glenn Silverman, Robert Silverman and Richard Silver-

man." This allegation, in addition to lacking specificity, in our view, falls short of pleading facts indicating agency or averring the legal conclusion of agency. Without more, we do not believe the complaint states a cause of action against these defendants.

Each defendant is entitled to be served with a copy of the complaint. In this case, there are three corporate defendants and three individual defendants. The sheriff's return herein indicates service only of "a" copy of the complaint. Moreover, although the sheriff's return refers to defendant's "office or usual place of business," it does not indicate which defendant. Although we need not hold that service made by handing a paper to a person who refuses to give his or her name is inadequate service, we consider such a service highly suspect as to validity. A bona fide employe in a business office is not likely to refuse to identify himself or herself to a deputy sheriff. Moreover, such a service creates a difficult, if not impossible, issue of proof for both sides, especially since it is likely that in many instances deputy sheriffs may not have very specific recollections as to the appearance of the recipient or the circumstances of service.

In this case at best, one defendant was served and it does not appear from the record which one. Moreover, in view of a service which was questionable on the face of the return, we believe plaintiff's action in entering default judgment and immediately issuing execution thereon, was precipitous, to say the least.

We call attention to Pa.R.C.P. 237.1 adopted by our Supreme Court on December 14, 1979, effective February 1, 1980. This rule requires that at least ten days' notice of intention to enter a default

judgment be given to a party and also to his or her attorney of record, if any. We welcome this rule precisely because it will eliminate situations like the present case.

## ORDER

And now, January 8, 1980, defendants' petition to open judgment is granted. Defendants' petition to strike judgment is denied. Plaintiff is directed to file a more specific amended complaint in assumpsit within 30 days hereof or suffer dismissal of the complaint herein. Service of an amended complaint may be made by serving six copies thereof upon the attorney for defendants.